UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH CAPALDI, | Case No. 12-10254 |
| Plaintiff, | Victoria A. Roberts |
| v. | United States District Judge |
| AMERICAN CREDIT & COLLECTIONS, LLC, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

# REPORT AND RECOMMENDATION
## MOTION FOR DEFAULT JUDGMENT (Dkt. 13)

### I.   PROCEDURAL HISTORY

Plaintiff filed this action on January 19, 2012.  (Dkt. 1).  District Judge Victoria A. Roberts referred this matter to the undersigned for all pretrial proceedings on July 19, 2012.  (Dkt. 4).  After filing a certificate of service of the summons and complaint on April 4, 2012 (Dkt. 8), plaintiff requested a clerk's entry of default.  (Dkt. 9).  The clerk entered a default on May 7, 2012.  (Dkt. 10). On July 31, 2012, plaintiff filed a motion for entry of default judgment.  (Dkt. 13). Plaintiff filed a supplemental brief in support of the motion for default judgment on October 22, 2012.  Pursuant to notice, a hearing was held on October 31, 2012. (Dkt. 15).

For the reasons discussed at the hearing, and as set forth below, the

1

Report and Recommendation
Motion for Default Judgment
*Capaldi v. Amer. Credit & Coll.*; Case No. 12-10254

undersigned **RECOMMENDS** that plaintiff's motion for default judgment be **DENIED**, that the clerk's entry of default be **SET ASIDE**, and that plaintiff re-serve the summons and complaint.

## II. ANALYSIS AND CONCLUSION

In this case, the summons and complaint was served on defendant by registered mail at defendant's "registered office" in Scranton, Pennsylvania. (Dkt. 6, 8). "Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see also Walker v. Brooke Corporation*, 2009 WL 1689653, *1 (E.D. Mich. 2009), citing *Harrison v. Burt*, 2008 WL 3984044, *1 (E.D. Mich. 2008) ("A party is under no duty to respond and a court does not have personal jurisdiction over a defendant until that defendant has been properly served."). Moreover, "actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown." *Harrison*, 2008 WL 3984044, *1. "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Harper v. ACS-Inc.*, Case No. 10-12112, Opinion and Order Granting Motion to Set Aside Default Judgment and Striking Clerk's Entry of Default and Default Judgment, October 28, 2010, Docket Entry 130.

2

Report and Recommendation
Motion for Default Judgment
*Capaldi v. Amer. Credit & Coll.*; Case No. 12-10254

Significantly, "[t]he plaintiff has the burden of establishing a *prima facie* showing of personal jurisdiction over the defendant." *Cadle Co. v. Schlichtmann*, 123 Fed.Appx. 675, 677, 2005 WL 293666, *1 (6th Cir. 2005), citing, *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991). Thus, plaintiff here must show that service of the summons and complaint was proper.

Service on a corporation is controlled by Rule 4(h), which allows service of process on a corporation (1) by delivering a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or law to receive process, and if the agent is authorized by statute and the statute so requires, by mailing a copy to the defendant; or (2) in the manner set forth in Rule 4(e)(1), "which in turn authorizes service upon a corporation in accordance with Michigan state law." The governing state law, Michigan Court Rule 2.105(D)(1), does not permit service *by mail* on the registered agent, as made clear by reading subsection (D)(1) in conjunction with subsection (D)(2), which includes a registered mail provision. As District Judge Robert H. Cleland explained, Michigan law allows service on a corporation "by serving a summons and a copy of the complaint on an officer or the resident agent ***personally*** or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail." *Vasher v. Kabacinski*, 2007 WL 295006, *2

3

Report and Recommendation
Motion for Default Judgment
*Capaldi v. Amer. Credit & Coll.*; Case No. 12-10254

(E.D. Mich. 2007) (emphasis added).  And, as District Judge Victoria A. Roberts held, the "deliberate distinction" between subsection (D)(1) and subsection (D)(2) "suggests that the Michigan Supreme Court did not intend that the term 'serving' be interpreted as synonymous with 'mailing.'" *State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2007 WL 127909, *4 (E.D. Mich. 2007).  In this case, plaintiff only served the complaint by registered mail and thus, did not comply with either of the proper service options available for service of corporations under Rule 4(h) and Michigan law.  Thus, plaintiff's service of the summons and complaint by registered or certified mail only was not proper under Michigan law.  For this reason, plaintiff's motion for entry of default judgment should be denied, the default should be set aside,[1] and plaintiff should be required to re-serve the complaint in accordance with the above rules.

## III.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for default judgment should be **DENIED**, the default should be

---

[1] The undersigned also notes that it does not appear that plaintiff's request for clerk's entry of default was properly served on defendant, as required by Rule 5.  *See Estate of Wyatt v. WAMU/JP Morgan Chase*, 2011 WL 3163242, *4 (E.D. Mich. 2011) ("The Court finds that the failure to serve defendant Pathway with the request for clerk's entry of default as required by Rule 5(a)(2), and the entry of judgment by the Clerk when the amount sought was not a sum certain, as required by Rule 55(b)(2), invalidate the default judgment."); *Horacek v. Wilson*, 2008 WL 4093721, *1 (E.D. Mich. 2008) (Failure to serve request for entry of default required the default to be set aside); *Mosley v. Faurecia Automotive Seating*, 2008 WL 1925051, *2 (E.D. Mich. 2008) (same).

4

Report and Recommendation
Motion for Default Judgment
*Capaldi v. Amer. Credit & Coll.*; Case No. 12-10254

**SET ASIDE**, and plaintiff should be required to re-serve the summons and complaint.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

5

Report and Recommendation
Motion for Default Judgment
*Capaldi v. Amer. Credit & Coll.*; Case No. 12-10254

No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 13, 2012          s/Michael Hluchaniuk
                                                Michael Hluchaniuk
                                                United States Magistrate Judge

**CERTIFICATE OF SERVICE**

     I certify that on December 13, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: James D. Scharville.

                                                s/Tammy Hallwood
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov

6

Report and Recommendation
Motion for Default Judgment
*Capaldi v. Amer. Credit & Coll.*; Case No. 12-10254