UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH CAPALDI, | Case No. 12-10254 |
| Plaintiff, | Victoria A. Roberts |
| v. | United States District Judge |
| AMERICAN CREDIT & COLLECTIONS, LLC, | Michael Hluchaniuk United States Magistrate Judge |
| Defendant. | |

_____/

**REPORT AND RECOMMENDATION**
**MOTION FOR DEFAULT JUDGMENT (Dkt. 28)**

## I.   PROCEDURAL HISTORY

Plaintiff filed this action on January 19, 2012.  (Dkt. 1).  District Judge Victoria A. Roberts referred this matter to the undersigned for all pretrial proceedings on July 19, 2012.  (Dkt. 4).  After filing a certificate of service of the summons and complaint on April 4, 2012 (Dkt. 8), plaintiff requested a clerk's entry of default.  (Dkt. 9).  The clerk entered a default on May 7, 2012.  (Dkt. 10). On July 31, 2012, plaintiff filed a motion for entry of default judgment.  (Dkt. 13). Plaintiff filed a supplemental brief in support of the motion for default judgment on October 22, 2012.  (Dkt. 16).  Pursuant to notice, a hearing was held on October 31, 2012.  (Dkt. 15).  The undersigned recommended that plaintiff's motion for default judgment be denied because the summons and complaint were

not properly served.  (Dkt. 17).  This recommendation was adopted by Judge
Roberts.  (Dkt. 18).

Subsequently, plaintiff properly served defendant with the summons and
complaint and then requested a clerk's entry of default.  (Dkt. 24, 25).  The default
was entered on December 30, 2013.  (Dkt. 26).  In response to a show cause order,
plaintiff filed a motion for entry of default judgment on May 7, 2014.  (Dkt. 28).
The Court initially scheduled a hearing on the motion for default judgment.  (Dkt.
29).  Plaintiff later moved to have the motion decided on the papers, which was
granted by the Court.  (Dkt. 30).  This matter is now ready for report and
recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that
plaintiff's motion for entry of default judgment be **GRANTED** and that judgment
in the amount of $4,735.00 be entered and itemized as follows: $1,000.00 in
statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); $3,385.00 in attorney
fees and office costs; and $350.00 in filing fees and court costs, plus any
applicable statutory interest.[1]

## II.   PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff requests judgment in the amount of $4,735.00.  (Dkt. 28).  On

---

[1]  Plaintiff does not identify the authority for his request for interest, but presumably he is
referring to 28 U.S.C. § 1961, which permits interest on any money judgment in a civil case
recovered in district court.

January 19, 2012, plaintiff filed a one-count Complaint alleging that defendant violated the Fair Debt Collections Practice Act (FDCPA), 15 U.S.C. § 1692 *et. seq.*, by attempting to collect a debt that was discharged through bankruptcy and making threats against the plaintiff and his father, Victor Capaldi.  Plaintiff had the Complaint re-served on defendant via personal service.  Personal service was completed on Michael Conflitti who, on information and belief, is an officer of the company, on or about August 20, 2013 via the Deputy Sheriff of Lackawanna County, Pennsylvania.  Default was entered by the Clerk on December 30, 2013. In this case, plaintiff seeks default judgment because defendant has failed to file an answer or any other form of responsive pleading within the twenty-one day period permitted by the Federal Rules.  According to plaintiff, defendant's failure to file answer or otherwise respond to this lawsuit is clearly established in this case.  According to the "Green Card," certified mail service was completed on defendant on or about March 19, 2012.  (Dkt. 28, Ex. A).  Defendant was then served again by personal service on August 20, 2013.  Since that time, defendant has made no attempt to respond or otherwise defend this lawsuit.  Therefore, plaintiff asserts that the grounds for default are plainly established in this case. Plaintiff also points out that defendant has failed to raise any issues of mistake or neglect that would excuse its failure to file an answer or to otherwise respond to this lawsuit.

Plaintiff contends that the Clerk's Entry of Default has the effect of admitting all the facts alleged against the non-responsive party, with the exceptions of allegations made in relation to the amount of damages owed. *See e.g. Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). In this case, plaintiff alleges the following in the Complaint: (1) that he is a consumer; (2) that defendant is a debt collector from Taylor, Pennsylvania, and (3) that the defendant violated the FDCPA by attempting to collect a debt discharged in bankruptcy through threats made against both plaintiff and his elderly father, Victor Capaldi. Title 15 U.S.C. § 1692(d) makes it a violation for a debt collector to engage in conduct the natural consequence of which is to harass, oppress, or abuse the plaintiff in connection with the collection of a debt. In this case, plaintiff contends that defendant attempted to collect a debt discharged in bankruptcy, asserted the debt belonged to plaintiff's father when this was in fact not the case, made repeated threats against plaintiff's father even after being told that he is in poor health, threatened to have plaintiff and his father arrested, made misleading statements, and alleged the plaintiff committed fraud. Plaintiff asserts that this conduct clearly is abusive and harassing and accordingly constitutes a violation of 15 U.S.C. § 1692(d).

Title 15 U.S.C. § 1692(e) makes it a violation for a debt collector to use false, deceptive, or misleading representation or means in connection with the

collection of any debt, and § 1692e(2)(a) makes it a violation of the FDCPA to falsely represent the character, amount, or legal status of the debt.  In this case, plaintiff alleges that defendant attempted to collect a debt that was discharged in bankruptcy and alleged the debt belonged to plaintiff's father when it in fact belonged to plaintiff.  According to plaintiff, these actions constituted the use of false or misleading representations and violated the FDCPA.

Title 15 U.S.C. § 1692(e) makes it a violation for a debt collector to threaten or imply that nonpayment of a debt will result in arrest or imprisonment and 15 U.S.C. § 1692(e)(5) makes it a violation to threaten to take any action that cannot legally be taken or that is not intended to be taken.  Plaintiff alleges that defendant threatened to have plaintiff and his father arrested if they did not pay the debt, thereby violating these provisions of the FDCPA.

Title 15 U.S.C. § 1692(b) makes it a violation for a debt collector, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, to communicate in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. Plaintiff contends that defendant communicated regarding plaintiff's debt to his father, even after being told to cease doing so.

Plaintiff argues that the allegations in his complaint sufficiently prove defendant violated the FDCPA in multiple ways. Therefore, plaintiff requests that the Court should grant his motion for default judgment in the amount of $4,735.00 itemized as follows: $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); $3,385.00 in attorneys' fees and office costs; and $350.00 in filing fees and court costs. Plaintiff seeks statutory damages in the amount of $1,000.00. Having established violation of the FDCPA, plaintiff may recover (1) any actual damage resulting from Defendant's violation of the Act, 15 U.S.C. § 1692k(a)(1); (2) "such additional damages as the court may allow, but not exceeding $1,000," 15 U.S.C. § 1692k(a)(2)(A); and (3) "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).

According to plaintiff, the FDCPA does not require proof of actual damages as a precursor to recovery of statutory damages. *See e.g.*, *Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998). Plaintiff argues that defendant's conduct in this case is especially egregious. Defendant violated multiple provisions of the FDCPA and engaged in outrageous behavior such as threats of arrest to both plaintiff and his elderly father. These threats were so serious that they caused Victor Capaldi to be hospitalized. Despite being informed it was harassing an elderly and ill man who did not even own the alleged debt, defendant continued to

harass Victor Capaldi in order to try to coerce his son into paying a debt believed to have been discharged in bankruptcy. According to plaintiff, this is precisely the type of egregious behavior that Congress intended the FDCPA to prevent. Thus, plaintiff requests the Court award him statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(2)(A).

Pursuant to 15 U.S.C. § 1692k(a), a debt collector who violates the FDCPA is also liable for the "costs of the action, together with a reasonable attorney's fee as determined by the court." The FDCPA takes a "private attorney general" approach to enforcement. *See e.g.*, *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Therefore, an award of reasonable attorney fees to a prevailing consumer is considered mandatory under the FDCPA. 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997). A reasonable attorney's fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). A "reasonable attorney's fee" also includes work performed by law clerks and paralegals calculated at the market rate. *See e.g.*, *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). Determining a reasonable fee begins with calculating the product of "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This amount is known as the "lodestar."

*Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 642 (6th Cir. 2009).

There is a "strong presumption" that the lodestar amount represents a "reasonable"

fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546,

565 (1986).

Plaintiff contends that his hourly rate is reasonable.  A district court has

broad discretion to determine what constitutes a reasonable hourly rate for an

attorney.  *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).  A useful

guideline for determining a reasonable hourly rate is the "prevailing market rate[]

in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), defined as

"that rate which lawyers of comparable skill and experience can reasonably expect

to command."  *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir.

2000).  In *Dowling v. Litton Loan Servicing, LP*, 320 Fed.Appx. 442, 447 (6th Cir.

2009), the Sixth Circuit approved of a $300.00/hour rate for an attorney in a

FDCPA case.  Attorney Scharville is licensed in Michigan and Ohio, and has been

practicing law for twelve years, mainly in the area of consumer law.  He is also a

partner in the law firm of Kahn & Associates, LLC.  Attorney Scharville's hourly

rate is $250.00/hour.  The law firm also seeks $100.00 as the hourly rate for

paralegals and law clerks at counsel's law firm, and $35.00 as office costs.  Mr.

Scharville's rate of $250.00 is actually below the $300.00 rate approved by the

Sixth Circuit in *Dowling*.  The rate sought for work by law clerks and paralegals is

also reasonable and in accord with the market rate.

Counsel has attached as Exhibit B a fee bill that establishes the actual time spent by various members of counsel's firm on plaintiff's case. The amount of time expended on plaintiff's case was multiplied by the hourly rates discussed above to arrive at the "lodestar amount." An additional fee of $35.00 was included to cover assorted office costs (postage and shipping, copying, etc.) incurred. (Dkt. 28, Ex. B). Based on the foregoing, plaintiff requests this Court enter an attorney fee award in the amount of: $3,385.00. Plaintiff also contends that he is entitled to claim the cost of his filing fee as an allowable cost. *See* 15 U.S.C. § 1692k(a); 28 U.S.C. § 1920. Plaintiff asks the Court enter an award of $350.00 as his recoverable costs in this action. Finally, plaintiff asks the Court allow him to recover post-judgment interest at the rate fixed by statute.

## III.    ANALYSIS AND CONCLUSION

Applications for default judgment are governed by Rule 55(b)(2) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(b)(2). Following the clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Bogard v. National Credit Consultants*, 2013 WL 2209154 (N.D. Ohio 2013), quoting *Morisaki v. Davenport, Allen &*

*Malone, Inc.*, 2010 WL 3341566, at *1 (E.D. Cal. 2010).  The plaintiff bears the

burden of establishing damages.  *HICA Educational Loan Corp. v. Jones*, 2012

WL 3579690, at * 1 (N.D. Ohio 2012), citing *Flynn v. People's Choice Home*

*Loans, Inc*., 440 Fed.Appx. 452, 457 (6th Cir. 2011).  In other words, while

liability may be shown by well-pleaded allegations, "[t]he district court must ...

conduct an inquiry in order to ascertain the amount of damages with reasonable

certainty." *Bogard*, at *3, quoting *Osbeck v. Golfside Auto Sales, Inc.*, 2010 WL

2572713, at *5 (E.D. Mich. 2010).  To ascertain an uncertain sum of damages,

Rule 55(b)(2) "allows but does not require the district court to conduct an

evidentiary hearing." *Vesligaj v. Peterson*, 331 Fed.Appx. 351, 354-55 (6th Cir.

2009).  An evidentiary hearing is not required if the Court can determine the

amount of damages by computation from the record before it. *Bogard*, at *3, citing

*HICA*, 2012 WL 3579690, at *1.

    As described in detail above, plaintiff's allegations establish that defendant

violated the FDCPA because "[o]nce a default is entered against a defendant, that

party is deemed to have admitted all of the well pleaded allegations in the

Complaint[.]" *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich.

2006), citing *Visioneering Construction v. U.S. Fidelity & Guaranty*, 661 F.2d

119, 124 (6th Cir. 1981).  Since it appears that the provisions of the statute are

met, and plaintiff's allegations are accepted as true based on defendant's default,

the undersigned recommends that the Court find that defendant violated the FDCPA as described by plaintiff above.

Plaintiff seeks an award of statutory damages in the amount of $1,000.00 for the FDCPA violations along with $3,385.00 in attorneys' fees and office costs and $350.00 in filing fees and court costs.  The undersigned recommends that the Court award plaintiff all of his damage requests. Title 15 U.S.C. § 1692k(a) provides that:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
>
> * * *
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fee as determined by the court. ***

15 U.S.C. § 1692k(a).  In determining an appropriate amount of statutory damages under the FDCPA, the court "shall consider, [ ... ] the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional [.]"  15 U.S.C. § 1692k(b)(1).

Here, plaintiff alleges multiple violations of the FDCPA in the Complaint and, taking these allegations as true, defendant threatened plaintiff and his father with arrests for failing to pay a debt, made false and misleading statements regarding the status of the case with the bankruptcy court, attempted to collect a debt that discharged in bankruptcy and attempted to collect a debt from plaintiff's elderly father, even though the debt was in plaintiff's name only.  Accordingly, the undersigned therefore recommends that the Court award plaintiff the maximum amount of $1,000.00 in statutory damages since defendant committed multiple violations of the FDCPA.

Moreover, in accordance with the FDCPA, the undersigned recommends that the Court award plaintiff the amount of $3,385.00 in attorney fees and costs and court costs in the amount of $350.00.  To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked.  *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010).  The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney."  *Hett v. Bryant Lafayette & Assoc.*, 2011 WL 740460, at *2 (E.D. Mich. 2011), quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).  But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys."  *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647

(W.D. Mich. 1998), citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995). In addition, the court considers the following factors when calculating the reasonableness of attorney fees: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. *Miller v. Alldata Corp.*, 14 Fed.Appx. 457, 468 (6th Cir. 2001).

For similar matters pending in the Eastern District of Michigan, the Court has approved an hourly rate of $300-$350 per hour and $100 per hour for paralegals. *Johnson v. Tri-State Financial Enterprises, LLC*, 2014 WL 1304719 (E.D. Mich. 2014) ($350 per hour for attorney); *Hazzard v. Schlee & Stillman, LLC*, 2014 WL 117411 (E.D. Mich. 2014) ($300 per hour for attorney and $100 per hour for paralegal). Here, plaintiff's counsel only asks for $250 per hour and $100 per hour for paralegal fees. In the view of the undersigned, the fees are reasonable and well-supported by the attorney time sheet entries attached to the motion for default judgment. In addition, plaintiff's request for copying costs and filing fees are reasonable and permitted under applicable law. *See* 28 U.S.C. § 1920.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

plaintiff's motion for entry of default judgment be **GRANTED** and that judgment in the amount of $4,735.00 be entered and itemized as follows: $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); $3,385.00 in attorney fees and office costs; and $350.00 in filing fees and court costs, plus any applicable statutory interest.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

Report and Recommendation
Motion for Default Judgment
*Capaldi v. American Credit & Coll.*; Case No. 12-10254

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: July 16, 2014                        s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 16, 2014, I electronically filed the foregoing paper with
the Clerk of the Court using the ECF system, which will send electronic
notification to the following: James D. Scharville.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov